The **VICTOR-AMERICAN FUEL COMPANY, a Maine corporation,** Plaintiff-Appellee,

v.

**Alvin A. WIGGINS, Yvonne Wiggins, John A. Wiggins, Steven Wiggins, Rebecca Wiggins Jackson and Lillian Denison, Defendants-Appellants.**

No. 85CA1564.

Colorado Court of Appeals, Div. I.

Aug. 20, 1987.

Rehearing Denied Oct. 8, 1987.

Holland and Hart, Joy E. Hansen, Britton White, Jr., Denver, for plaintiff-appellee.

Gerald D. Sjaastad, Colorado Springs, for defendants-appellants.

PIERCE, Judge.

Defendants, Alvin E. Wiggins, Yvonne Wiggins, John A. Wiggins, Steven Wiggins, Rebecca Wiggins Jackson, and Lillian Denison, appeal the summary judgment granting plaintiff, The Victor–American Fuel Company, declaratory relief. We reverse.

In 1967, defendants acquired an interest in the surface estate of certain property located in Las Animas County. The surface and mineral estates of the property had been severed by an earlier conveyance deed. This deed conveyed the surface estate while reserving the mineral estate for grantor, plaintiff. It is the language of the reservation clause which is the subject of this controversy.

The deed was dated June 13, 1961, and purportedly conveyed the entire surface estate to the grantee. However, it provided that the plaintiff reserved the right to mine minerals beneath the surface "without let or hinderance from or liability or responsibility to [defendants] ... on account of the operations carried on above or beneath said surface...."

The deed further reserved "the use of so much of the surface of said lands as may be necessary for the proper and convenient prospecting, drilling, extracting, mining, and disposal of such minerals ... provided however, that [plaintiff] ... shall pay to [defendants], the sum of Fifteen Dollars per acre for such surface so used...."

In 1985, plaintiff brought this suit seeking a declaratory judgment that, by the terms of the deed, plaintiff had the right to strip mine the property upon payment of fifteen dollars per acre to defendants. Defendants answered, and upon cross-motions for summary judgment, the court entered the judgment that is the subject of this appeal.

Defendants contend that the language of the deed is legally insufficient to reserve the right to destroy the surface through strip mining techniques. We agree.

When the surface and mineral estates have been severed, the mineral estate

owner may remove the minerals, but he must support the surface. *Barker v. Mintz,* 73 Colo. 262, 215 P. 534 (1923). Although the right to destroy the surface may be reserved, the reservation of such a right must be made clear and expressed in terms *so plain that there can be no doubt. Evans Fuel Co. v. Leyda,* 77 Colo. 356, 236 P. 1023 (1925). Additionally, the reservation must be sufficient in clarity and certainty to qualify as a bargained-for reservation of the right to destroy the surface. *Smith v. Moore,* 172 Colo. 440, 474 P.2d 794 (1970).

Although the deed itself authorizes plaintiff to use so much of the surface as necessary, the term "use" cannot be read to include destruction of the surface by strip mining. *Barker v. Mintz, supra; see Smith v. Moore, supra.* Therefore, the language of the deed providing that plaintiff pay fifteen dollars per acre of the surface so "used" cannot be said to reserve clearly and with certainty the right to destroy the surface by strip mining.

Plaintiff contends that because strip mining was a known technique in 1961 when the deed was conveyed, defendant should be charged with such knowledge; and therefore, since strip mining is not excluded by the terms of the deed, the broad reservation of mining rights is sufficient to include strip mining. However, *Barker v. Mintz, supra,* interpreted the term "use" in a similarly worded reservation clause more than thirty years prior to the conveyance of the surface estate. This interpretation was available at the time of this conveyance. *Evans Fuel Co. v. Leyda, supra,* decided more than thirty years before the conveyance, fully apprised grantors, who reserved retained rights, of the need to express the right sought in terms that permit no doubt. Therefore, plaintiff's failure to use the proper terminology in its reservation clause to comply with existing law is chargeable only to itself.

Furthermore, focusing on the circumstances at the time of the reservation, we conclude that there is no indication that strip mining was ever contemplated by the parties. It is undisputed that strip mining

techniques had not been used on the property at any time prior to the conveyance. Nor does the deed itself make any reference to such mining techniques. While the provision for payment of fifteen dollars per acre does raise an ambiguity as to its purpose, the record is silent regarding whether that sum showed a bargained-for reservation of the right to strip mine. In short, the plaintiff has not presented sufficient evidence to establish the very stringent requirement of *Smith v. Moore, supra,* that a reservation of the right to destroy the surface must be stated "in terms so plain as to admit of no doubt."

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of defendants.

STERNBERG and CRISWELL, JJ., concur.