## No. 10,958.

### KANE v. PORTER, ET AL.

Decided January 5, 1925.   Opinion adhered to May 4, 1925.

Action for injunction.   Judgment for defendant.

### *Reversed.*

1. REMEDIES—*Ditches—Injunction.*  Injunction is the proper remedy to restrain interference with the operation of a ditch.

2. IRRIGATION—*Ditches—Right of Way.*  One may have a right of way for a ditch over his neighbor's land even though he might with equal convenience use his own land therefor.

3. INJUNCTION—*Irreparable Injury—Real Property.*  To take or destroy real property is an irreparable injury giving a right to injunction.

4. MAXIM—*De minimis non curat lex,* does not apply to a case of positive and wrongful invasion of another's property.

5. IRRIGATION—*Ditch Right of Way.*  When one constructs a ditch on the land of another with his knowledge and consent, or without his interference, a right of way is acquired.

6. *Ditches—Right of Way—Notice.*  One who purchases land upon which ditches are constructed and in evidence has notice of the right of way.

7. *Ditches—Right of Way—Use of Water.*  As affecting the right of way for a ditch across the land of another, the place of use of the water by the owner is immaterial.  If it is used, that is sufficient.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. O. A. JOHNSON, for plaintiff in error.

Mr. T. A. McHARG, Mr. C. J. KELLY, for defendants in error.

Mr. JAMES H. TELLER, amicus curiae.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was plaintiff below and was defeated in an action to obtain an injunction to restrain defendants from interfering with his ditch across their land over which he claimed a right of way. He brings error.

If he had a right of way injunction is the proper remedy. *Koch v. Story,* 47 Colo. 335, 344, 107 Pac. 1093.

Defendants claim plaintiff has no equity because his injury is not irreparable, and that the injury is not irreparable because he might build a ditch the other side of the fence on his own land. We know of no rule that one may not have a right of way over his neighbor's land even though he might with equal convenience use his own land. True, if he may as well use his own land he perhaps cannot condemn another's, but even though he may with equal convenience use his own land yet he may purchase and hold a right of way over his neighbor's. If, therefore, he has such a right of way, to deprive him of it is to deprive him of property and he is damaged. To take or destroy one's real property is always regarded as an irreparable injury. He must pay for a new ditch and give space for it on his own land.

Defendants, however, say that the cost of the new ditch would be but a trifle and they invoke the maxim *de minimis non curat lex.* That maxim does not apply to the case of positive and wrongful invasion of another's property. 18 C. J. 481. One might as well say that he may knock down my garden fence because it isn't a very good one and I can make another for $3.

The defendants say, however, that no right of way was shown by the evidence, because, while the right claimed was based solely on use, the use was shown by plaintiff's own evidence to have been merely permissive

and therefore not a sufficient basis for a prescriptive or any irrevocable right. But the right is not based solely on use, it is based on the implied grant resulting from the construction and maintenance of the ditch with the knowledge of and without interference by the defendant's grantors. They cite *Horne v. Hopper*, 72 Colo. 434, 211 Pac. 665, but that case does not support them. There the plaintiff and defendant occupied adjoining lots and used in common a driveway on the defendant's land without notice to defendant that plaintiff's use was under claim of right. We said that the presumption was that the use was permissive, and that otherwise there was no right shown. Here, however, the plaintiff had constructed many years before a ditch across a quarter-quarter section, the south half of which is the land in question. This south half was acquired by the defendants while the ditch was on it. They subsequently acquired the north half with a right of way for the continuation of the same ditch reserved in the deed. The rule under such circumstances is the opposite to that which we applied in Horne v. Hopper. When one constructs a ditch on the land of another with his knowledge and with his consent or without his interference a right of way is acquired. *Rogers v. Lower Clear Creek Ditch Co.*, 63 Colo. 216, 218, 165 Pac. 248; *Graybill v. Corlett*, 60 Colo. 551, 154 Pac. 730. The presumption naturally and inevitably differs when the dominant tenant, instead of merely using a passage, has constructed works. Defendants purchased with the ditches on the land and so had notice. *Felger v. Walcher*, 74 Colo. 88, 90, 218 Pac. 1047.

The defendants claim that the evidence shows no right, because the water was not used on the land on which the plaintiff claimed to have used it. The place where it was used was immaterial. If it was used that is enough. There is evidence that the ditch had been in its present position for but a short time, but it is shown to have been moved thither by agreement between the parties. This strengthens rather than weakens plaintiff's case.

Judgment reversed.

MR. JUSTICE ALLEN sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.