No. 23637.

DOROTHY BRONCUCIA AND ALFRED BRONCUCIA *v.* DONALD McGEE.
(475 P.2d 336)

Decided October 13, 1970.

PEHR and NEWMAN, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS lawsuit arose out of efforts by Dorothy and Alfred Broncucia (the Broncucias) to develop a "drag strip" near Erie.

McGee, defendant in error (with the Esco Paving Company, no longer a party to the litigation), commenced this lawsuit to forclose a mechanic's lien. McGee contracted with the Broncucias to erect three grandstands or bleachers adjacent to the drag strip. The structures

were to be built pursuant to mutually agreed upon plans and specifications.

The Broncucias denied the allegations of McGee's complaint, asserted various affirmative defenses, and set forth two counterclaims. It is the denial of these counterclaims by the trial court that the Broncucias allege to be error. McGee has not filed a brief in this court.

The first counterclaim alleged that McGee did not perform the contract, in that he failed to complete the grandstands, used substandard lumber, did not perform the work in a workmanlike manner, and did not correctly design the structure. As a result of Mr. McGee's defalcations, the claim continues, the wind blew down the first grandstand; and, further, the Broncucias alleged, McGee failed and refused to rebuild following the windstorm, all to the damage of the Broncucias in the sum of $18,253.88. The second counterclaim was based on the theory of negligence and alleged the same damages.

McGee answered, alleging that he had agreed to build the grandstands in accordance with mutually agreed upon plans and specifications; that he was in the course of erecting them when they were demolished by a wind of extremely high velocity. Further, he alleged that after the wind damage he was prevented by the Broncucias from repairing the stands or completing their erection; and that he was neither requested nor permitted by the Broncucias to return to the premises to either rebuild or remove the rubble of the demolished grandstand.

The issues were tried to the court without a jury. The court found that neither the claim of McGee nor the counterclaims of the Broncucias had been proved and denied the relief sought by both plaintiff and defendants. We affirm the judgment of the trial court.

■■ The main thrust of the Broncucias' argument for reversal is that the court's findings of fact on which it based the denial of their counterclaims are contrary to the evidence. We have examined the record. The evi-

dence on all issues was conflicting. The determination by the trial court that McGee did not breach the contract was not a legal, but a factual, determination. In this situation it is the sole responsibility of the trier of the fact, in this case the court, to resolve the factual issues. Findings of fact shall not be set aside upon review unless clearly erroneous. C.R.C.P. 52 (a).

The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom, of necessity, are all within the province of the trial court and will not be disturbed on review unless manifestly erroneous. *Brenaman v. Willis*, 136 Colo. 53, 314 P.2d 691. When equally honest and intelligent men might differ as to the court's finding of fact, it will not be disturbed on appeal. *Caughlin v. Campbell-Sell Baking Company*, 39 Colo. 148, 89 P. 53, 8 L.R.A. (n.s.) 1001, 121 Am.St.R. 158.

The Broncucias have alleged various other errors by the trial court. Our review indicates that they were matters resting within the sound discretion of the trial court or that they were of such a nature that they were not prejudicial to a fair trial.

The judgment of the trial court is affirmed.