535 P.2d 263 (1975)
Leonard MILLMAN, d/b/a M & M Management Co., Plaintiff-Appellant,
v.
Rupert J. HERNANDEZ et al., Defendants-Appellees.
No. 74-168.
Colorado Court of Appeals, Div. III.
May 13, 1975.
*264 Hochstadt, Straw & Davis, P. C., Jordan Hochstadt, Jeralyn E. Merritt, Denver, for plaintiff-appellant.
William A. Sheppard, Jr., Northglenn, for defendants-appellees.
Not Selected for Official Publication.
STERNBERG, Judge.
The plaintiff landlord filed suit against his tenants. While the landlord was awarded damages on one of his claims for relief, the tenants prevailed on the principal claim and the landlord appeals. The central issue is whether the landlord or the tenants were obligated to make repairs of the premises. The trial court found that under the terms of the lease and the attendant circumstances, the obligation was that of the landlord. We affirm.
By an agreement dated October 6, 1971, the tenants leased from the landlord for a period of three years a building and its furnishings for use as a rooming and boarding house. The landlord had previously used the property for a similar purpose, and it was licensed by the City and County of Denver under its "group H" category. The tenants took possession of the premises on November 1, 1971, and used them as a "halfway" house for young adult parolees from the Federal Youth Center under a program financed by the Law Enforcement Assistance Administration.
In April 1973, the Denver licensing authorities inspected the building and found it to be in approximately the same condition as it had been in 1971. However, having determined to enforce the existing standards more strictly, the inspectors found it to be structurally unsound for group H occupancy. Two contractors estimated the costs of repairs needed to bring the building up to the code requirements, *265 one estimate being for $47,000 and the other for $70,000. When confronted with the estimates, both parties disclaimed responsibility for making the repairs. The tenants sent a written notice to the landlord demanding that the latter make the repairs, and upon his refusal, vacated the premises. The landlord then filed suit claiming that the tenants were liable for damages for loss of rental income and for the cost of repairs and maintenance, seeking damages for conversion of personal property, and requesting a declaratory judgment that an option to purchase contained in the lease was void.
The trial court found, on supporting evidence, that the needed repairs were "substantial and structural," determined that the landlord was responsible for making the repairs in question, and that, except for certain items of furniture that were converted and relatively minor repairs for which the tenants were responsible, the premises were in as good order when vacated as when the tenants had entered. The court also held that the premises were the "sole and exclusive property of the plaintiff," thus, in effect, obviating any interest the tenants might have had under the option to purchase.
The principal issue is whether the tenants or landlord had the obligation to perform the structural repairs required to meet the more stringent requirements of the Denver officials for group H occupancy. Normally, this question would be answered by determining the intention of the parties as evidenced by the language of the lease. See Denver Plastics, Inc. v. Snyder, 160 Colo. 232, 416 P.2d 370. However, under one provision of the lease, the tenants were obligated to "keep the leased premises in proper condition in order to meet all standards of the building department of the City and County of Denver"; but under another provision they were merely required to keep the premises "in as good order and condition as when same were entered upon, loss by fire, inevitable accident or ordinary wear excepted."
The trial court found these covenants regarding repair to be ambiguous, and we agree. Thus, since the terms of the lease do not resolve the question, the trial court properly ascertained the intention of the parties by reviewing the surrounding circumstances. Ell & L. Investment Co. v. International Trust Co., 132 Colo. 137, 286 P.2d 338.
In the instant case, the landlord covenanted to insure the premises against loss by fire, vandalism, or casualty. The tenants were not obligated to replace worn out improvements, nor those destroyed by accident. Furthermore, during the terms of the lease, the landlord had made structural repairs to the roof and plumbing. These facts support the trial court's resolution of the ambiguity in the lease, and that result is binding on us. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336.
Relying on Ell & L. Investment Co. v. International Trust Co., supra, the landlord contends that the tenants should be obligated to make the repairs. That case is distinguishable on its facts. There, the lease was considerably more stringent from the tenants' standpoint on the issue of repairs, and additionally, the term of the lease was very long and the rent quite nominal. The trial court in the instant case considered the terms of the lease and the attendant circumstances, and properly concluded that the obligation for structural repairs in this case rests on the landlord. Thus, tenants' vacating the premises was justified.
The trial court determined that plaintiff's total damages for the chattels converted and for broken and damaged items were $3,100. This award was subject to an offset of $2,500 from a damage deposit that had been accumulated by the landlord from monthly payments made by the tenants in addition to rent payments. The landlord contended in this court during oral argument that this figure must be increased to conform with the evidence even if we affirm the other aspects of the court's findings. This contention was not made in its motion for new trial, and thus, *266 cannot be considered on appeal. See C.R.C.P. 59(f). It is particularly appropriate that alleged error such as this, i. e., erroneous computation of damage items, be pointed out to a trial court in a motion for new trial so it may correct its mistake, if any there be.
Judgment affirmed.
RULAND and VAN CISE, JJ., concur.