David P. KRAUSE, Pamela Krause, Randolph P. Krause, Clara K. Krause, Clayton Properties, Ltd., a limited partnership, John W. Pacheco, Byron E. Blakeslee, and B. Maxine Blakeslee, Plaintiffs-Appellants,

v.

COLUMBIA SAVINGS AND LOAN ASSOCIATION, a Colorado corporation, and F. J. Serafini, as Public Trustee for the City and County of Denver, Defendants-Appellees.

No. 80CA0735.

Colorado Court of Appeals, Div. II.

March 19, 1981.

Rehearing Denied April 9, 1981.

Certiorari Granted July 20, 1981.

Joseph A. Davies, P. C., Joseph A. Davies, Curtis W. Shortridge, Denver, for plaintiffs-appellants.

Wegher & Fulton, P. C., Richard W. Breithaupt, David R. DeMuro, Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiffs instituted this action seeking a declaratory judgment, damages, and an in-

junction against enforcement of a "due on sale" provision in a deed of trust securing an indebtedness to defendant Columbia Savings and Loan Association (the lender). From an order denying plaintiff's motion for a preliminary injunction, plaintiffs appeal. We affirm.

The facts are not disputed. In August 1972, plaintiffs Krause (the borrowers) executed a deed of trust to the defendant public trustee for the benefit of the lender. In that deed of trust, borrowers agreed that:

"In the event of the sale or transfer of the real property herein described, at the election of the [lender], the entire balance of the note may become due and payable. If the [lender] agrees that the loan may be transferred and assumed by the purchaser, a reasonable fee for such assumption not to exceed one percent of the principal balance may be assessed."

This is the so-called "due on sale clause."

The borrowers further agreed

"Not to alienate or encumber to the prejudice of the [lender] said real estate . . . and in the event of any sale or transfer of the title to the property herein described, such purchaser or new owners shall be deemed to have assumed and agreed to pay the indebtedness owing [the lender], whether or not the instrument evidencing such sale or transfer expressly provides; and this covenant shall run with said property and remain in full force and effect until said indebtedness is liquidated . . . ."

In January 1979, Randolph P. and Clara K. Krause entered into an "installment land contract" for sale of the property, an apartment building, to plaintiff Clayton Properties, Ltd., (Clayton) for $284,000. In September 1979, Clayton entered into the same type of contract for sale of the property to plaintiff John W. Pacheco for $350,000. Pacheco, in October 1979, entered into a similar contract to sell the property to plaintiffs Byron E. and B. Maxine Blakeslee for $375,000. All of the plaintiffs except the Krauses (the borrowers) are referred to collectively as the purchasers.

Each of the installment land contracts provided that the contract seller agreed to sell and the purchaser thereunder agreed to buy the property, subject to the 1972 deed of trust (in Clayton's contract), or the January 1979 contract (in Pacheco's contract), or the September 1979 contract (in the Blakeslees' contract). Each specified that the "purchaser does not assume the prior encumbrances on the property, and that seller shall make all payments thereon as they become due and owing, and shall fully discharge said encumbrances prior to or simultaneously with delivery of deed to purchaser." In each transaction, a warranty deed from that contract seller was placed in escrow for delivery to that purchaser when the full purchase price has been paid.

None of the plaintiffs sought out the lender with reference to any attempt to assume the existing deed of trust. Late in 1979 the lender learned of the transaction between the borrowers and Clayton. On December 11, the lender wrote to the borrowers advising them that it was accelerating the balance due on the note and would institute foreclosure proceedings unless application was made for approval of the transfer and the terms and conditions thereof were approved by the lender. No application for approval having been made and payment of the full balance not being received, the lender, in January 1980, instituted foreclosure proceedings by filing with the public trustee a notice of election and demand for sale, alleging that the covenants of the deed of trust had been violated. Also, it filed with the district court a motion for an order authorizing public trustee's sale pursuant to C.R.C.P. 120, and the plaintiffs received notice thereof.

Plaintiffs commenced this action February 29, 1980. Their motion for a preliminary injunction of the foreclosure proceedings was denied May 13, the court holding that plaintiffs had not established that they lacked a plain, speedy, and adequate remedy at law, or that they would be irreparably harmed if the injunction did not issue, or that there was a reasonable likelihood that they would prevail on the merits of this

case. It is that order that is the subject of this appeal.

At oral argument, in response to inquiries as to possible mootness of this appeal, counsel agreed that foreclosure sale has been stayed by stipulation pending the outcome of this appeal.

Plaintiffs challenge all of the grounds on which the trial court based its order. However, we need to address only one—the likelihood of plaintiffs prevailing on the merits of their case.

This action involves an instrument executed in 1972, and, therefore, the provisions of § 38–30–165, C.R.S. 1973 (1980 Cum.Supp.) do not apply.

Although an installment sale may take a different form and more time to complete than an outright sale, the difference is one of procedure and not substance. It is a "sale or transfer of the real property" for purposes of the due on sale clause in the deed of trust. *See Carpenter v. Winn,* 39 Colo.App. 238, 566 P.2d 370 (1977); *Mutual Federal Savings & Loan Ass'n v. Wisconsin Wireworks,* 58 Wis.2d 99, 205 N.W.2d 762 (1973).

The due on sale clause has been held to be valid and enforceable and not an unreasonable restraint on alienation. *Malouff v. Midland Federal Savings Ass'n,* 181 Colo. 294, 509 P.2d 1240 (1973). The rationale of that decision is fully applicable to the instant case, and we are bound to follow *Malouff.*

Order affirmed.

PIERCE and KELLY, JJ., concur.