Fritz BAKKER, Hendrick M. Bakker, Jacob Bakker, and James R. Vernon, Plaintiffs-Appellees,

v.

The EMPIRE SAVINGS, BUILDING AND LOAN ASSOCIATION, Defendant-Appellant,

and

Nancy J. Flett, Public Trustee for the County of Jefferson, Defendant.

No. 80CA1037.

Colorado Court of Appeals, Div. II.

July 9, 1981.

Rehearing Denied Aug. 6, 1981.

Certiorari Granted Oct. 19, 1981.

Joseph A. Davies, P. C., Joseph A. Davies, Curtis W. Shortridge, Denver, for plaintiffs-appellees.

Frascona, Gullette & McClow, John H. McClow, James C. Smittkamp, Boulder, for defendant-appellant.

STERNBERG, Judge.

In proceedings involving a deed of trust executed on February 25, 1969, the district court granted the plaintiffs' motion for a preliminary injunction preventing a lender, Empire Savings, Building & Loan Association from proceeding with a public trustee's foreclosure sale of certain real property. Empire was seeking to foreclose because of the unauthorized sale of the property to plaintiffs by an installment land contract, allegedly in violation of the terms of the deed of trust. Empire appeals the granting of the injunction, contending that the "due-on-sale" provision in its deed of trust permitted the foreclosure action. We reverse.

Because the differences between the language in the deed of trust in *Krause v.*

*Columbia Savings & Loan Ass'n*, Colo.App., 631 P.2d 1158 (1981), and this case are not significant, *Krause* is controlling.

The due-on-sale clause in *Krause* reads in pertinent part as follows:

"In the event of the *sale or transfer* of the real property herein described, at the election of the [lender], the entire balance of the note may become due and payable." (emphasis supplied)

In the instant case, the due-on-sale clause in the deed of trust provides that:

"[S]hould the property covered by this Deed of Trust *be conveyed* by the party of the first part, his successors or assigns to any third party without the written consent of the holder, then, at the option of the holder of the note, the whole sum of principal and interest payable under the note secured hereby shall become immediately due and payable." (emphasis supplied)

■ While the due-on-sale provision here is triggered by the use of the words "be conveyed," rather than by the words "any sale or transfer" used in *Krause*, we consider an installment land contract to be, nevertheless, a conveyance of the property; hence, this is a distinction without a difference.

■ We have reviewed the complaint and allegations in support of the motion for preliminary injunction to determine whether other issues are raised upon which there could be a probability that the plaintiffs would succeed on the merits of their case. For this reason, although the issue was not raised in the briefs, it is necessary to consider whether acceptance of monthly installment payments by Empire constitutes a waiver of the due-on-sale clause. We conclude that the following paragraph contained in the deed of trust would preclude a holding that acceptance of payments does constitute a waiver:

"No waiver, express or implied, in the performance of any obligation, agreement or covenant hereof, shall be deemed or taken to imply or constitute a waiver of any succeeding or other breach hereun-

der, and failure of the holder to insist upon the strict performance of the terms, covenants and agreements herein contained, or any of them, shall not constitute or be construed as a waiver of relinquishment of the holder's right to thereafter enforce any such term, covenant, agreement or condition, but the same shall continue in full force and effect."

Also, in the clause immediately preceding the due-on-sale clause, language of similar import concerning waiver appears.

■ We disagree with plaintiffs' interpretation of *Malouff v. Midland Federal Savings & Loan Ass'n*, 181 Colo. 294, 509 P.2d 1240 (1973). In our view, *Malouff* holds that a due-on-sale clause is not an unreasonable restraint on alienation and does *not* require a case-by-case factual determination by trial courts whenever an effort is made to enforce a due-on-sale clause. To adopt a contrary construction of *Malouff* would be to require a judicial foreclosure in all such cases and clog the courts with actions that otherwise could be handled expeditiously by C.R.C.P. 105 actions.

For the reasons stated above, we conclude that there was no probability that the plaintiffs would succeed on the merits of their case and, therefore, it was error to enter a preliminary injunction.

The judgment is reversed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Whether a specific "due on sale" clause is an unreasonable restraint on alienation is a fact question to be determined by the surrounding circumstances. *Malouff v. Midland Federal Savings & Loan Ass'n*, 181 Colo. 294, 509 P.2d 1240 (1973).

The plaintiffs in their complaint alleged, inter alia, that the defendant had suffered no jeopardy in its security, that the defendant had waived its rights to acceleration and that plaintiffs would suffer irreparable harm if the sale was not enjoined.

The record shows that the appellant has continually accepted payment on the note, before and after service of notice of acceleration. I would hold such acceptance to constitute a waiver of the due on sale clause. *See Colorado Kenworth Corp. v. Whitworth*, 144 Colo. 541, 357 P.2d 626 (1960).

The trial court found, on the basis of the record, that it could not determine the invocation of the due on sale clause in this case to be a reasonable restraint on alienation, and therefore, the plaintiffs' chances of prevailing in the final determination were viable. Further, the trial court properly found that if the plaintiffs prevailed at trial but the property had been sold, they would suffer irreparable harm. *See Kane v. Porter*, 77 Colo. 257, 235 P. 561 (1925).

There being nothing in the record to indicate that the findings of fact by the trial court are clearly erroneous, I would therefore affirm the holding of the trial court. *See Broncucia v. McGee*, 173 Colo. 22, 475 P.2d 336 (1970).