Herbert C. HOLLEMON and Jennie Ruth Hollemon, Plaintiffs-Appellees,

v.

James D. MURRAY,
Defendant-Appellant.

No. 80CA0862.

Colorado Court of Appeals,
Div. III.

Dec. 23, 1982.

Rehearing Denied Jan. 20, 1983.

Certiorari Denied July 5, 1983.

**1108**

Sharp & Black, P.C., William S. Schurman, Mary Jane Simmons, Steamboat Springs, for plaintiffs-appellees.

David L. Kofoed, P.C., Roger T. Castle, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, James D. Murray, appeals a judgment entered against him and in favor of plaintiffs, Herbert C. Hollemon and Jennie Ruth Hollemon, for the unpaid balance on a promissory note and for attorney's fees as provided for therein. We affirm.

In February 1972 plaintiffs sold their Routt County ranch to the Woodmoor Corporation. They received a 10% down payment and a note for the balance, secured by a first deed of trust on the ranch property.

Thereafter, Woodmoor commenced the "Stagecoach" development on this land, and it made the first two semi-annual payments on the note.

In November 1972, defendant purchased from Woodmoor a lot in the Stagecoach development, making a down payment and giving his note for the balance, payable in monthly installments and secured by a deed of trust on the lot. Defendant discontinued making payments on the note after June 1973.

In June 1973, at Woodmoor's request, plaintiffs released their deed of trust on the property and received in exchange, as substitute security, a group of individual notes in favor of Woodmoor and deeds of trust securing same from various lot purchasers. Among the notes delivered to plaintiffs was defendant's note.

After the transfer of the lot purchasers' notes to plaintiffs, Woodmoor's financial condition worsened. In August 1973, it defaulted in its payment on its note to plaintiffs and shortly thereafter went into bankruptcy. In 1976, plaintiffs were authorized by the bankruptcy court to move against their security. Accordingly, pursuant to § 4–9–501, et seq., C.R.S.1973, plaintiffs foreclosed their security interest, sold the notes at public sale, and took title thereto as the highest bidders at the sale.

Plaintiffs then commenced this action. Defendant's principal defense was that plaintiffs were not holders in due course and were, therefore, subject to numerous defenses which were asserted against Woodmoor. The court found that, at the time the notes were delivered in June 1973, plaintiffs were holders in due course. Accordingly, judgment was entered against defendant.

I.

Defendant first contends that the trial court erred in denying his motion for change of venue. We do not agree.

This is an action on a promissory note. Venue for such an action is in the county where the defendant resides "at the commencement of the action." C.R.C.P. 98(c)(1). This action was commenced by

filing the complaint with the Routt County district court on October 28, 1976. At that time, as found by the trial court, defendant was a resident of Routt County. That finding is supported by defendant's affidavit, submitted with his motion, in which he stated that he has not resided in Routt County "since December of 1976" and "has resided in Denver metropolitan since January 1, 1977." Accordingly, that finding is binding on review. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970).

## II.

 Defendant next contends that the trial judge erred in denying the motions for his disqualification. We disagree.

Under the circumstances here, the judge might well have requested an outside judge to be assigned to try the case. However, where, as here, there is nothing in the motions or supporting affidavits showing that any of the reasons set forth in C.R.C.P. 97 exist, the decision on disqualification is within the judge's discretion. *In re Marriage of Mann,* 655 P.2d 814 (Colo.1982). Finding no abuse of that discretion, we will not disturb the court's ruling.

## III.

Defendant's principal contention is that the court erred in holding that plaintiffs were holders in due course. We do not agree.

Conflicting evidence was presented as to plaintiffs' knowledge concerning Woodmoor's financial condition at the time of the delivery of the lot purchasers' notes in June 1973, the status of defendant's note at that time, whether the transfer document was an endorsement (*see* § 4–3–202(4), C.R.S. 1973, and Official Comment 5 thereto), whether the allonge was properly affixed to the note, whether this was a bulk transfer under § 4–3–302(3)(c), C.R.S.1973, and whether the parties had agreed that the notes would be subject to the Uniform Commercial Credit Code pursuant to § 5–2–601, C.R.S.1973. The court's findings on these issues in favor of plaintiffs, being supported by sufficient evidence, will not be disturbed on appeal. *Broncucia v. McGee, supra.*

Although plaintiffs acquired merely a security interest in, and not full ownership of, the lot purchasers' notes at the time of their delivery by Woodmoor to plaintiffs, that fact does not affect plaintiffs' status as holders in due course. They were holders in due course to the extent of that security interest from the date of acquisition of that interest. Section 4–3–302(4), C.R.S.1973, and Official Comment 4 thereto; § 4–3–103(2), C.R.S.1973, and Official Comment 2 thereto; § 4–3–201(2), C.R.S.1973, and Official Comments 4 and 5 thereto; § 4–9–101 et seq., C.R.S.1973. Defenses good against Woodmoor were available to the lot purchasers to the extent of Woodmoor's equity in their notes. However, when, as here, the proceeds from the foreclosure sale of the security (all of the notes) were insufficient to pay the balance due on Woodmoor's note to plaintiffs, Woodmoor had no equity remaining against which the defenses could be asserted. *Cf. Rozen v. North Carolina National Bank,* 588 F.2d 83 (4th Cir.1978).

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.