David P. KRAUSE, Pamela Krause, Randolph P. Krause, Clara K. Krause, Clayton Properties, Ltd., a limited partnership; John W. Pacheco, Byron E. Blakeslee, and B. Maxine Blakeslee, Petitioners,

v.

COLUMBIA SAVINGS AND LOAN ASSOCIATION, a Colorado corporation, and F.J. Serafini, as Public Trustee for the City and County of Denver, Respondents.

Nos. 81SC300, 81SC128.

Supreme Court of Colorado,
En Banc.

March 28, 1983.

Joseph A. Davies, P.C., Joseph A. Davies, Curtis W. Shortridge, Denver, for petitioners.

Wegher & Fulton, P.C., Richard W. Breithaupt, Martha J. Ridgway, Denver, for respondents.

Fairfield & Woods, Patrick F. Kenney, Rocco A. Dodson, Denver, for amicus curiae Midland Federal Sav. and Loan Ass'n.

ROVIRA, Justice.

This is a consolidated appeal of two different stages of the same proceeding. The

petitioners appeal the denial of their motion for a preliminary injunction and the granting of a partial summary judgment against them. We affirm both judgments.

In August 1972, petitioners David and Pamela Krause executed a deed of trust in favor of Columbia Savings and Loan Association (Columbia) encumbering certain property in Denver. The instrument contained a "due-on-sale" clause, which gave Columbia the option of accelerating the debt upon the transfer or sale of the subject property.[1]

In January 1979, the Krauses entered into an installment land contract for sale of the property to petitioner Clayton Properties, Ltd. In September 1979, Clayton Properties entered into the same kind of contract for sale of the property to petitioner John Pacheco, who in turn entered into a similar contract to sell the property to petitioners Byron and Maxine Blakeslee in October 1979.

Each of the land contracts provided that the purchase was subject to the 1972 deed of trust. Each contract specified that the purchaser did not assume the prior encumbrances on the property and that the seller would make all payments as they came due and that all encumbrances would be fully discharged prior to delivery of the deed to the purchaser. In each transaction, a warranty deed from the contract seller was placed in escrow for delivery to the purchaser when the full price had been paid.

Columbia learned of the transaction between the Krauses and Clayton in late 1979. On December 11, 1979, Columbia wrote to the Krauses advising them that it would accelerate the balance due on the note and initiate foreclosure proceedings unless application were made for approval of the transfer. After receiving neither an application for transfer nor payment of the balance owing, Columbia initiated foreclosure proceedings by filing with the public trus-

tee a notice of election and demand for sale alleging that the terms of the deed of trust had been violated. Columbia also filed with the district court a motion for an order authorizing a public trustee sale pursuant to C.R.C.P. 120.

The petitioners commenced this action in February 1980. Their complaint contained six claims for relief: (1) Columbia had slandered their title by virtue of its publishing a notice of the trustee's sale falsely claiming that the petitioners were in default; (2) the due-on-sale clause constituted an unreasonable restraint on alienation; (3) Columbia had breached its contract by accelerating the indebtedness; (4) the deed of trust was void and unenforceable as an adhesion contract; (5) Columbia had waived its rights under the due-on-sale clause by accepting loan payments tendered by petitioners; and (6) Columbia was estopped to enforce the clause because it was the custom in the industry not to enforce such clauses. The petitioners sought damages on the slander of title claim and a declaratory judgment and a permanent injunction on the other claims. They also sought a preliminary injunction to prevent the foreclosure sale pending trial.

The trial court denied the motion for a preliminary injunction on the grounds that the petitioners had not established that they lacked a plain, speedy, and adequate remedy at law; that they would be irreparably harmed if the injunction did not issue; or that there was a reasonable likelihood that they would prevail on the merits of the case.

The petitioners appealed the denial of their motion for preliminary injunction. The court of appeals, relying on our decision in *Malouff v. Midland Federal Savings & Loan Association,* 181 Colo. 294, 509 P.2d 1240 (1973), held that there was no reasonable likelihood that the petitioners would prevail on the merits and affirmed the trial

---

1. The clause provided as follows:

"In the event of the sale or transfer of the real property herein described, at the election of the Association or holder, the entire balance of the note may become due and pay-able. If the Association or its assigns agrees that the loan may be transferred and assumed by the purchaser, a reasonable fee for such assumption not to exceed one percent of the principal balance may be assessed."

court. *Krause v. Columbia Savings & Loan Association,* 631 P.2d 1158 (Colo.App.1981). The petitioners then obtained a writ of certiorari for review of this decision (No. 81SC128).

Between the date of the court of appeals decision and the date we granted certiorari, the trial court granted Columbia's motion for partial summary judgment on the petitioners' first three claims for relief.[2] Petitioners filed an appeal of that decision with the court of appeals, but then obtained a writ of certiorari pursuant to C.A.R. 50 (No. 81SC300). By order dated November 19, 1981, we consolidated the appeal of the partial summary judgment and the appeal of the denial of the preliminary injunction.

Trial was later had on the petitioners' remaining claims for relief, and Columbia obtained a judgment in its favor. Petitioners do not appeal this judgment.

Resolution of both of the appeals before us depends upon whether the due-on-sale clause is a *per se* reasonable restraint on alienation, or whether, on the other hand, a case-by-case inquiry into reasonableness is required. We decided that issue in *Income Realty & Mortgage, Inc. v. Columbia Savings & Loan Association,* 661 P.2d 257 (1983). We held that the due-on-sale clause is a *per se* reasonable restraint on alienation and that a case-by-case analysis of the justifiable interests of the parties is not warranted.[3]

We therefore affirm the judgment of the court of appeals in 81SC128 and the judgment of the district court in 81SC300.

---

**2.** The trial court certified its partial summary judgment as a final appealable order pursuant to C.R.C.P. 54(b). In view of our resolution of this case, we do not express any view as to the correctness of that certification.

**3.** We note that we do not have here any allegation that the exercise of the due-on-sale clause is the result of some unconscionable conduct of the lender. *See Income Realty and Mortgage, Inc., supra.*