(No. 38102.—

CATTERINA FAILONI, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed January 22, 1964.*

JORDAN JAY HILLMAN and EDWARD WARDEN, of Chicago, and M. E. HEBRON, of Carlinville, for appellant.

PAUL C. VERTICCHIO, of Gillespie, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Chicago and North Western Railway Company, defendant, appeals from a declaratory judgment of the circuit court of Macoupin County which found that title to the mineral rights, except coal, under some 130 acres of Macoupin County land was held in fee simple by the surface owner, Catterina Failoni, the plaintiff. The jurisdiction of this court has been properly invoked since a freehold is involved.

The subject real estate consists of two separate parcels, composed of 76 acres and 54 acres, respectively. The larger tract was formerly owned by John Ottersburg and Janna Ottersburg, who in 1903 conveyed "all coal and other minerals" thereunder to B. C. Dorsey by warranty deed. By mesne conveyances of "all coal and other minerals," record title thereto became vested in defendant in 1956. In 1921 Tony Failoni, plaintiff's husband, received an administra-

tor's deed for the Ottersburg tract which apparently made no reference to the mineral interest, and upon his death in 1956, his heirs quitclaimed the property to plaintiff.

The smaller tract was formerly owned by John Mc-Keone, who in 1903 conveyed by warranty deed to B. C. Dorsey "all coal and other minerals" thereunder. By mesne conveyances, record title to this mineral interest also became vested in defendant in 1956. However, by deed which referred only to a prior sale of the underlying "coal," Mc-Keone later conveyed this tract to Ernest Busse, who in turn sold it in 1939 to Tony Failoni and Catterina Failoni, as joint tenants and not as tenants in common.

It appears that for some years prior to 1942, Superior Coal Company, being then the record owner of the mineral interest, mined the coal from under the land, and during this time the coal rights were separately assessed against and taxes thereon paid by Superior Coal Company. After the coal was removed, however, no further assessment of coal rights was made. It also appears that it was the practice in Macoupin County to assess no mineral interest other than coal, and no such assessment was made at any time against the subject property even though the property was in recent years leased for the production of gas.

The plaintiff testified that she had lived on the land for the past 40 years and claimed the mineral rights as well as the surface interest. She and her husband executed oil and gas leases thereon in 1923, 1940, and 1942, but at no time did anyone except Superior Coal Company ever remove, or attempt to remove, coal or minerals therefrom. Plaintiff and her family farmed the surface, however, and paid taxes assessed by government survey description.

It is admitted that record title to the surface interest and to the mineral interest is now held by plaintiff and defendant, respectively. Nevertheless, plaintiff contends that because the conveyances in her chain of title did not except the mineral interest she acquired color of title to the

mineral interest which has since ripened into fee ownership under the provisions of section 7 of the Limitations Act. (Ill. Rev. Stat. 1961, chap. 83, par. 7.) This is the sole question presented upon appeal.

Section 7 states: "Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title." We have construed this to mean that one claiming the benefit of this statute must prove not only that he holds vacant and unimproved land under color of title but also that he has paid taxes thereon for seven successive years and has since taken possession thereof. *Chicago Title and Trust Co.* v. *Drobnick,* 20 Ill.2d 374; *Anderson* v. *Village Homebuilders, Inc.,* 401 Ill. 60; *White* v. *Harris,* 206 Ill. 584.

It has long been recognized that the mineral estate may be severed from the surface estate by a grant specifically of the minerals, reserving the surface, or by a grant of the surface while reserving the minerals, and when this has been accomplished, both estates are subject to independent ownership and separate taxation, and both constitute "land" within the meaning of section 7. (*Pyle* v. *Ferrell,* 12 Ill.2d 547; *Shell Oil Co.* v. *Moore,* 382 Ill. 556.) Oil and gas, by the overwhelming weight of authority, are minerals, and when the mineral interest is severed from the surface estate, the former may also be regarded as "vacant and unoccupied land." (*Catlin Coal Co.* v. *Lloyd,* 176 Ill. 275.) Although deeds may in certain instances provide color of title, (*Bergesen* v. *Clauss,* 15 Ill.2d 337; *Belunski* v. *Oakes,* 6 Ill.2d 176,) they do not in and of themselves operate as adverse possession, or even notice thereof where the severance of the mineral and surface estates was prior thereto. (*Uphoff* v. *Trustees of Tufts College,* 351 Ill. 146; *Jilek* v.

*Chicago, Wilmington & Franklin Coal Co.* 382 Ill. 241.) Possession of the surface does not carry possession of the minerals, nor does nonuse or abandonment of the mineral interest terminate said estate. (*Jilek* v. *Chicago, Wilmington & Franklin Coal Co.* 382 Ill. 241.) To possess the mineral estate, one must undertake the actual removal thereof from the ground or do such other act as will apprise the community that such interest is in the exclusive use and enjoyment of the claiming party. (*Pickens* v. *Adams,* 7 Ill.2d 283; *Towle* v. *Quante,* 246 Ill. 568.) Furthermore, payment of taxes by government survey description after severance of title between minerals and surface does not constitute payment of taxes under section 7 of the Limitations Act, regardless of whether the minerals were in fact separately assessed. *Uphoff* v. *Trustees of Tufts College,* 351 Ill. 146; *Catlin Coal Co.* v. *Lloyd,* 176 Ill. 275.

In the present case, neither plaintiff nor her predecessors in title actually removed any minerals so as to gain possession thereof, the mere executing of oil and gas leases not being sufficient for this purpose, nor did they ever pay taxes upon the separate mineral estate. In fact it appears that no minerals, except coal, were ever assessed or were intended to be assessed under the policy then in force in Macoupin County. Although plaintiff resided upon and farmed these premises, such use related only to the surface and not to the mineral interest which she now claims. Therefore, the provisions of section 7 of the Limitations Act were not complied with, and the ownership of the mineral estate rests not with the plaintiff but with defendant, the record title holder.

The judgment of the circuit court of Macoupin County is reversed and the cause remanded to that court, with directions to enter judgment for the defendant in accordance with this opinion.

*Reversed and remanded, with directions.*