600 P.2d 121 (1979)
Lewis F. MORRISON and Rena P. Morrison, Plaintiffs-Appellees,
v.
Emanuel SOCOLOFSKY and Katherine Socolofsky, Defendants-Appellants.
No. 78-464.
Colorado Court of Appeals, Div. II.
September 6, 1979.
Kochenburger & Smith, John E. Kochenburger, Darryl L. Farrington, Fort Collins, for plaintiffs-appellees.
*122 Beatty & Hale, James D. Beatty, Raymond S. Hale, Fort Collins, for defendants-appellants.
ENOCH, Chief Judge.
Defendants appeal from a declaratory judgment that language in a warranty deed reserving "oil, gas and other minerals" did not operate to reserve gravel on the property. We affirm.
In 1953, Fred C. Kluver deeded the farmland in question to defendants, reserving for himself a life estate consisting of the right to remove gravel for his own use. In 1954 defendants conveyed the land to intermediate purchasers, the Bakers, by warranty deed. This deed expressly reserved to defendants "an undivided one-half of all oil, gas and other minerals underlying the premises with the right to enter ... for exploration and removal ...."
In 1959, the Bakers conveyed the property to other intermediate purchasers, reserving to themselves for 10 years one-half of the unreserved oil, gas and other mineral rights, and "reserving unto Fred C. Kluver the right to remove gravel for his own use." The land was conveyed finally to plaintiffs in 1963, "subject to oil reservations of record and the right of Fred C. Kluver to remove gravel."
Plaintiffs brought this action to determine who owned the rights to the gravel on the property because Kluver's life estate had terminated. Defendants asserted that by their 1954 reservation they had reserved the gravel for themselves as part of the "oil, gas and other minerals." After listening to extensive testimony, the court found that the 1954 reservation in the deed to Baker did not include the right to gravel deposits. Therefore, the court declared that plaintiffs, as successor grantees, owned the gravel rights.
Defendants contend that the court erred in admitting evidence from the mining and commercial marketplace on the scope and meaning of the term "mineral." We find no error.
Plaintiffs premised their action for declaratory relief on the contention that, as a matter of law, gravel was not included under the umbrella of the reservation of "other minerals." The reservation of "all minerals" is inherently ambiguous. United States v. 1,253.14 Acres of Land, 455 F.2d 1177 (10th Cir. 1972). And, in deciding whether, as a matter of law, a particular substance is a "mineral," the applicable test is for the court to determine:
"`what that word means in the vernacular of the mining world, the commercial world and landowners at the time of the grant, and whether the particular substance was so regarded as a mineral....'" Farrell v. Sayre, 129 Colo. 368, 270 P.2d 190 (1954).
It was, therefore, proper for the court to consider maps prepared by the Colorado Geological Survey and the results of test hole drilling undertaken in 1975 on plaintiffs' property. This evidence showed gravel underlying the topsoil of the entire parcel of land such that removal would destroy the surface. It also was proper to consider testimony of a geologist-consultant in the gravel industry and of agricultural lenders and landowners on the common meaning of the term "mineral" at the time of the reservation. On the basis of undisputed testimony, the trial court correctly ruled that at the time of defendants' reservation, the term "mineral" did not, as a matter of law, include gravel. See generally Annot., 95 A.L.R.2d 843.
Defendants also contend that the court disregarded the intent of the parties at the time of the reservation. We do not agree.
Defendants properly contend that the trial court would have a duty to incorporate into the deed and reservation virtually any substance which the parties intended by use of the term "mineral." That would be so even if the substance did not meet any of the criteria set out in Farrell v. Sayre, supra. However, under the evidence presented, the trial court properly determined that the gravel underlying the surface was not within the contemplation of the parties when the "mineral" reservation was written.
*123 In its extensive findings, the trial court determined that Baker purchased the parcel for farming, that defendants knew of his purpose, and that common gravel mining techniques necessitate use of the topsoil or fine dirt, especially where the gravel is extracted for paving purposes. Though in Farrell v. Sayre, supra, the sand and gravel constituted the entire surface of the land, we find no distinction which would dictate a different result here, where the gravel underlies the topsoil of the entire property. Defendants' construction of the reservation could result in the destruction of the land surface and strip away its agricultural usefulness. Cf. Smith v. Moore, 172 Colo. 440, 474 P.2d 794 (1970). (Reservation of right to use of surface as necessary for mining not of sufficient clarity to justify strip mining.)
Under the facts of this case, the court correctly determined that gravel was not reserved in defendants' deed. Therefore, we affirm the judgment.
PIERCE and SMITH, JJ., concur.