**Ruth O'CONNOR, Plaintiff–Appellee,**

v.

**George A. ROLFES and Rick Stiving, d/b/a Wildflower Construction, Defendants–Appellants.**

**No. 93CA2039.**

Colorado Court of Appeals, Div. II.

Oct. 6, 1994.

Rehearing Denied Nov. 3, 1994.

Certiorari Denied July 31, 1995.

See also, 844 P.2d 1330.

Newman E. McAllister, Colorado Springs, for plaintiff-appellee.

The Law Office of Barney Iuppa, Barney Iuppa, Colorado Springs, for defendants-appellants.

Opinion by Judge PLANK.

Defendants, George A. Rolfes and Rick Stiving, doing business as Wildflower Construction, appeal the trial court's judgment awarding plaintiff, Ruth O'Connor, monetary damages for trespass attributable to the improper removal of peat moss claimed under a mineral deed. We affirm.

By warranty deed dated January 2, 1974, Rolfes' predecessor in title conveyed the surface estate to certain real property in Teller county, reserving:

> all mineral and mineral rights within the subject property and the subsurface rights appurtenant thereto ... [and reserving] the right of ingress and egress for the purpose of mining, storing, producing, marketing and removing of minerals from the property ... provided that any damage done to the surface estate in connection with the exercise of said rights shall be compensated for to the owner of such surface estate by the owner of the mineral estate so causing such damage....

Rolfes thereafter acquired the mineral estate by deed dated July 1, 1991, which conveyed "an undivided 100% interest in and to all of the oil, gas, and other minerals in and under, and that may be produced from" the property. Defendants began excavating peat moss from the property in May of 1991, prior to Rolfes' acquisition of the mineral deed.

O'Connor received the surface estate by public trustee's deed on August 7, 1991. She then commenced this action for damages in trespass and for an injunction prohibiting further excavation.

Upon motion for partial summary judgment, the court determined that peat moss was not included nor was peat moss mining permitted under Rolfes' predecessor's mineral reservation, as peat moss was not a "mineral" within the common meaning of the word at the time of the grant. The trial court further refused to be bound by the definition of "mineral" employed by the Colorado Mined Land Reclamation Act, or the interpretation of that term by the Colorado Mined Land Reclamation Board as including peat moss. At a subsequent trial on damages, the court awarded O'Connor some $30,000.

■ Defendants now argue that peat moss is indeed a mineral as defined by the Colorado Mined Land Reclamation Act and that the Colorado Mined Land Reclamation Board, not the trial court, had primary jurisdiction over this action. We reject these contentions.

The Colorado Mined Land Reclamation Act, § 34–32–101, et seq., C.R.S. (1984 Repl. Vol. 14), became effective July 1, 1976. The Act is primarily concerned with the reclamation of land affected by the extraction of minerals both during and after mining operations. *C & M Sand & Gravel v. Board of County Commissioners,* 673 P.2d 1013 (Colo. App.1983). In furtherance of this objective, § 35–32–109, C.R.S. (1984 Repl.Vol. 14), requires a mining operator to secure a permit from the Mined Land Reclamation Board, and § 34–32–112, C.R.S. (1984 Repl.Vol. 14) specifies that the operator applying for a permit must present a detailed reclamation plan. Section 34–32–116, C.R.S. (1984 Repl. Vol. 14) provides that the operator must comply with certain reclamation requirements.

The Reclamation Board has jurisdiction to enforce the provisions of the Act and may adopt rules respecting the Act's administration. Sections 34–32–105(4) and 34–32–108, C.R.S. (1984 Repl.Vol. 14). Defendants assert, and O'Connor does not dispute, that in 1990, the Reclamation Board determined that the extraction of peat moss was a matter within its jurisdiction.

■ The fact that the Mined Land Reclamation Board is of the opinion that peat moss mining falls within the Board's statutory charter is not dispositive here. Nothing in the Act purports to grant the Reclamation Board jurisdiction to construe deeds or to determine ownership of mineral estates. Such legal matters lie exclusively within the province of the courts. The Board, an administrative agency, may act only within the authorization of its organic legislation. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

We further reject the suggestion that the trial court should have declined jurisdiction and deferred to the Reclamation Board as the primary agency concerned with the removal of peat moss and that O'Connor was consequently required to pursue her claims before the Board.

Subject to judicial review, the Reclamation Board may determine peat moss mining is an activity that may be regulated, thus imposing the requirements that an excavator of peat moss obtain a permit and satisfy reclamation plans. The issue here, however, is not whether those requirements were satisfied or even apply, but rather the extent of Rolfes' title under the mineral grant. The fact that the Mined Land Reclamation Act may affect how peat moss is to be removed does not deprive the courts of jurisdiction over the claim of ownership of the peat moss. Resolution of this latter question is a judicial matter that requires construction of the mineral deed at issue. *See Great Western Sugar Co. v. Northern Natural Gas Co.,* 661 P.2d 684 (Colo.App.1982), *aff'd sub nom. KN Energy, Inc. v. Great Western Sugar Co.,* 698 P.2d 769 (Colo.1985), *cert. denied,* 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985).

■ The trial court determined that the 1974 reservation and creation of the mineral estate under which Rolfes derives title did not include or contemplate the grant of peat moss. Our review of the record reveals no error in the court's determination of that issue. *See Farrell v. Sayre,* 129 Colo. 368,

270 P.2d 190 (1954); *see also Morrison v. Socolofsky,* 43 Colo.App. 212, 600 P.2d 121 (1979).

Defendants finally argue the evidence does not support the trial court's award of damages. We disagree.

The trial court found that O'Connor had been damaged by a nonwillful trespass. In such a case, the measure of damages is the value of the appropriated material, less the direct cost of extraction. *Kroulik v. Knuppel,* 634 P.2d 1027 (Colo.App.1981). The burden of establishing the cost of extraction is upon the party claiming the reduction. *St. Clair v. Cash Gold Mining & Milling Co.,* 9 Colo.App. 235, 47 P. 466 (1896).

Defendants admitted the value of the peat moss amounted to approximately $35,000. The trial court deducted some $5,000 from this value as properly allowable costs of extraction, but refused certain other claimed deductions, concluding that defendants had not sustained their burden as to these further costs.

The credibility of witnesses, the sufficiency, probative effect, and weight of evidence, and the inferences and conclusions to be drawn therefrom, all are matters within the province of the trial court and will not be disturbed on review unless clearly erroneous. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970). We find no error.

Judgment affirmed.

HUME and ROY, JJ., concur.