G. Todd McCORMICK, Maura C. McCormick, Paul Hoshiko, Jean Hoshiko, Sylva Kunzman, Glen P. Rouse, Peg M. Wykes, and Ritchey Land & Cattle Company, Inc., Plaintiffs–Appellants,

v.

UNION PACIFIC RAILROAD COMPANY; Union Pacific Resources Company, a Delaware corporation; Snyder Oil Corp., a Delaware corporation; Amoco Production Company, a Delaware corporation; Elk Exploration, Inc., a California corporation; L. Alice Collister; Damson Investment Group, Inc., a Delaware corporation; Farmers Independent Ditch Company, a Colorado not-for-profit corporation; Betty Wise Guida; HS Resources, Inc.; KN Dakota Company; KN Production Company; John Kunzman; Ruth Kunzman; B. Brian Neary; Nessalk Energy, Inc.; Norden Limited Partnership; Plattville Limited Partnership; Resolute Resources, Inc.; SOCO Wattenberg Corporation, a Delaware corporation; Wells Fargo Bank; Union Pacific Land Resources Company, a Nebraska corporation; and Michael Youel, Defendants–Appellees.

No. 97CA1625.

Colorado Court of Appeals, Div. V.

Dec. 10, 1998.

Rehearing Denied Feb. 25, 1999.

Certiorari Granted Sept. 13, 1999.

King, Minnig, Clexton & Feola, LLC, Max A. Minnig, Jr., Denver, Colorado; Carpenter & Klatskin, P.C., Willis V. Carpenter, Denver, Colorado, for Plaintiffs–Appellants.

Welborn, Sullivan, Meck & Tooley, P.C., John F. Welborn, Keith D. Tooley, Denver, Colorado; Covington & Burling, Stacey L. Dogan, Evan P. Schultz, Russell H. Carpenter, Jr., J. Michael Hemmer, Washington, D.C.; Deisch & Marion, P.C., Michael R. Smith, Denver, Colorado; AMOCO Corporation, Bradley S. McKim, Denver, Colorado for Defendants–Appellees Union Pacific Resources Company, a Delaware corporation; AMOCO Production Company, a Delaware corporation; Elk Exploration, Inc., a California corporation; HS Resources, Inc.; Union Pacific Land Resources Company, a Nebraska corporation

Clanahan, Tanner, Downing & Knowlton, Michael J. Wozniak, Denver, Colorado, for Defendants–Appellees Snyder Oil Corporation; Damson Investment Group, Inc.; and SOCO Wattenberg Corporation

Lind, Lawrence & Ottenhoff, LLP, Kim R. Lawrence, Greeley, Colorado, for Defendant–Appellee Farmers Independent Ditch Company

Opinion by Judge TAUBMAN.

In this quiet title action, the dispositive issue is whether, in the deed reservations here, the term "minerals" includes oil and gas. We hold that it does and thus affirm the summary judgment entered against plaintiffs, G. Todd McCormick; Maura C. McCormick; Paul Hoshiko; Jean Hoshiko; Sylva Kunzman; Glen P. Rouse; Peg M. Wykes; and Ritchey Land & Cattle Company, Inc.(Ritchey), and in favor of defendants, Union Pacific Railroad Company; Union Pacific Resources Company ("UPR"); Snyder Oil Corp; Amoco Production Company; Elk Exploration, Inc.; L. Alice Collister; Damson Investment Group, Inc.; Farmers Independent Ditch Company; Betty Wise Guida; HS Resources, Inc.; KN Dakota Company; KN Production Company; John Kunzman; Ruth Kunzman; B. Brian Neary; Nessalk Energy, Inc.; Norden Limited Partnership; Plattville Limited Partnership; Resolute Resources, Inc.; SOCO Wattenberg Corporation; Wells Fargo Bank; Union Pacific Land Resources Company; and Michael Youel.

Between 1906 and 1909, the Union Pacific Railroad Company (UPRR) conveyed parcels of property to predecessors in interest of all plaintiffs except Kunzman and Ritchey through deeds containing a reservation of "all coal and other minerals within or underlying said lands." With respect to the parcels now owned by plaintiffs Kunzman and Ritchey the reservation read, "all oil, coal and other minerals."

UPR is the successor in interest to UPRR, and plaintiffs are the successors in interest

with respect to the properties conveyed by UPRR.

Plaintiffs brought an action to quiet title to the various estates in their farming properties (subject properties).

The trial court granted summary judgment in favor of defendants, concluding that "plaintiffs own only the surface and that the reservations contained in the UPRR deeds reserve all valuable non-surface substances including oil and gas." This appeal followed.

Plaintiffs argue the term "minerals" in the deed reservations at issue here is ambiguous, as a matter of law, and that the trial court erred in granting summary judgment. Because they believe the term is ambiguous, they argue that a trial was required to permit the presentation of extrinsic evidence and to allow the court to determine the meaning of the term "minerals" in light of the intent of the parties. We are not persuaded.

Whether a contract is ambiguous is a question of law. Furthermore, mere disagreement between the parties as to the meaning of language in a contract does not alone create an ambiguity. *Church Mutual Insurance Co. v. Klein*, 940 P.2d 1001 (Colo. App.1996).

Here, plaintiffs concede, and we agree, that there are no material facts in dispute. As such, summary judgment is proper on this question of law. C.R.C.P. 56.

Whether a reservation of "minerals" includes oil and gas is a question of first impression in Colorado. However, Colorado courts have considered similar issues.

The severance of a property by reservation in a deed creates a fee simple estate in the interest reserved. *Radke v. Union Pacific R.R. Co.*, 138 Colo. 189, 334 P.2d 1077 (1958); see §38–30–107, C.R.S.1998. Such a severance can occur as between the surface and the subsurface property. 9 R.Powell, *Powell on Real Property* §66.04[2] (fn.7) (P. Rohan ed.1977).

When such a severance applies to subsurface property retained by the grantor, the estate is referred to as a mineral estate. *See Smith v. Moore*, 172 Colo. 440, 474 P.2d 794 (1970). The grantee of the surface estate has no title to, or rights in, the minerals included in the reserved mineral estate. *Gilpin Investment Co. v. Perigo Mines Co.*, 161 Colo. 252, 421 P.2d 477 (1966).

### A. Applicable Case Law

Even though plaintiffs assert that the Colorado cases relied upon by the trial court "did not consider the definition of minerals, but rather wholly separate issues addressing the relationship between landowner and mineral owner," we find those cases to provide useful guidance here.

In *Gilpin Investment Co. v. Perigo Mines Co., supra*, the court determined that once the mineral estate is severed from the surface estate, the grantee has title only to the surface estate. *See Smith v. Moore, supra* (where surface and mineral estates have been severed, mineral owner may remove underlying minerals); *Barker v. Mintz*, 73 Colo. 262, 215 P. 534 (1923)(same). Thus, while the cases do not address the definition of "minerals," they provide support for our conclusion, discussed below, that in the deed reservations at issue here, the term "minerals" includes oil and gas.

Plaintiffs, urge us to follow cases which contain language suggesting that the term "minerals" is inherently ambiguous. *See, e.g. Morrison v. Socolofsky*, 43 Colo.App. 212, 600 P.2d 121 (1979). Those cases, however, are distinguishable because they deal with the meaning of the term "minerals" as it applies to surface minerals and not subsurface minerals. In such contexts, the term "minerals" was considered to be ambiguous. For example, in *Farrell v. Sayre*, 129 Colo. 368, 270 P.2d 190 (1954), the entire surface area of the conveyed property consisted of sand and gravel. The court there held that sand and gravel were not included in the term "minerals" as stated in the reservation. The court reasoned that to hold otherwise would be to nullify the grant of the surface estate because the language would both convey and reserve all the property in dispute. Unlike the situation in *Farrell v. Sayre, supra*, the deeds here did not both convey and reserve the entirety of the property. *See*

*O'Connor v. Rolfes,* 899 P.2d 227 (Colo.App.1994)(reservation of mineral estate did not include grant of ownership of peat moss).

In other cases, the Colorado Supreme Court has assumed that the term "mineral" includes oil and gas. *Radke v. Union Pacific R.R. Co., supra* (where reservation of right to prospect found not to be an incorporeal hereditament but a mere license, court passed on issue of whether reservation included oil, gas, and "other minerals"); *Simson v. Langholf,* 133 Colo. 208, 293 P.2d 302 (1956)(referring to oil and gas as "these" minerals and "oil, gas and other minerals").

The meaning of the very deed reservations at issue here has also been litigated in the United States Court of Appeals for the Tenth Circuit under both Wyoming and Utah law. In two cases, the court found the term "minerals" to be unambiguous, and to include oil and gas. *Anschutz Land & Livestock Co. v. Union Pacific R.R. Co.,* 820 F.2d 338 (10th Cir.1987); *Amoco Production Co. v. Guild Trust,* 636 F.2d 261 (10th Cir.1980).

In the *Amoco Production Co.* case, the Tenth Circuit rested its decision on the historical treatment of oil and gas as minerals. The court reasoned:

> While the courts in Wyoming have not been called upon to determine whether a reservation or grant of 'minerals' includes oil and gas, Wyoming law has always considered oil and gas to be minerals and to be part of the mineral estate.

*Amoco Production Co. v. Guild Trust, supra,* 636 F.2d at 264. In addition, the court discussed Wyoming's statutory and constitutional grouping of oil and gas with other minerals and relied on state court cases which "support the rule that a reservation of 'all coal and other minerals' includes oil and gas." *Amoco Production Co. v. Guild Trust, supra,* 636 F.2d at 264.

In *Anschutz,* the Tenth Circuit interpreted the same reservation under Utah law. There, the court adopted the district court's findings that "if the Utah Supreme Court were presented with the precise issue before this court, it would hold as a matter of law that the term 'other minerals' [in the reservations] includes oil and gas." *Anschutz Land & Livestock Co. v. Union Pacific R.R. Co., supra,* 820 F.2d at 341.

In arriving at that holding, the *Anschutz* court relied upon a Utah Supreme Court case construing a similar reservation in which the court had stated that if the document there at issue had not contained other language that rendered it ambiguous, "it would have no hesitation in endorsing and applying the majority rule that a reservation of 'minerals' retains the rights to gas and oil...." *Anschutz Land & Livestock Co. v. Union Pacific R.R. Co., supra,* 820 F.2d at 342.

Other jurisdictions have similarly so held. *See Failoni v. Chicago & N.W. Ry. Co.,* 30 Ill.2d 258, 195 N.E.2d 619 (1964); *Bulger v. McCourt,* 179 Neb. 316, 138 N.W.2d 18 (1965); *Lee v. Frank,* 313 N.W.2d 733 (N.D. 1981).

Significantly, the Tenth Circuit rejected the minority view of Pennsylvania and Arkansas that the term "mineral" in a deed reservation is ambiguous. *See Bundy v. Myers,* 372 Pa. 583, 94 A.2d 724 (1953); *Stegall v. Bugh,* 228 Ark. 632, 310 S.W.2d 251 (1958); *see also Kunkel v. Meridian Oil, Inc.,* 114 Wash.2d 896, 792 P.2d 1254 (1990).

## B. Early Colorado Statutes

Our conclusion that the term "minerals" includes oil and gas is supported by a review of early Colorado statutes.

Historically, the term "mineral" has included oil and gas in Colorado. Two nineteenth century Colorado statutes treated oil and gas as minerals. For example, in 1887 the State Board of Land Commissioners was given express authority to lease state land for "coal oil, gas, or *other mineral[s]*." Colo. Sess. Laws 1887, §8 at 331 (emphasis added). In 1895, a Colorado law authorized expenditures for drilling wells for the purpose of prospecting for "mineral oils." Colo. Sess. Laws 1895, ch. 6, §1 at 33.

Subsequently, in 1903, the superintendent of the Mineral Department was responsible for the inspection of mines "operated for the production of ... oil or *other mineral product.*" Colo. Sess. Laws 1903, ch. 151, §2 at 384 (emphasis added). Finally, a statute es-

tablishing the Colorado Geological Survey included oil and gas among the enumerated "economical *mineral* resources." Colo. Sess. Laws 1907, ch. 78, § 2(1) at 168 (emphasis added).

### C. Treatises and Other Sources

We also note that other authorities similarly support our conclusion that the term "minerals" includes oil and gas.

According to a widely cited treatise on oil and gas law, a significant majority of states holds that a reservation of minerals includes oil and gas unless other language in the instrument limits the definition of minerals so as to exclude them. However, "there is very limited authority for the proposition that the term 'minerals' is ambiguous as to whether or not oil and gas are included or excluded and hence extrinsic evidence may be admitted to resolve the ambiguity." 1 H. Williams & C. Meyers, *Oil & Gas Law* §§ 219.1 & 219.4 (1978) (recognizing that although there are at least four approaches to construing the term "minerals" in deed reservations, the clear majority view is that "minerals" includes oil and gas). *See also* Reeves, *The Meaning of the Word "Minerals"*, 54 N.D. L.Rev. 419 (1978).

In light of the above authorities, at least absent an allegation that exercise of the rights in the mineral estate unduly impacts the surface estate, we conclude that the term "minerals" in the deed reservations at issue here is not ambiguous and choose to follow the majority rule.

We therefore hold that the term "minerals," as used in the deed reservations here, of "all coal and other minerals" and "all oil, coal and other minerals" includes oil and gas.

In light of defendants' disclaimer of any rights to the surface minerals and to the water located on the subject properties, we need not address plaintiffs' contentions on these issues.

Judgment affirmed.

Judge MARQUEZ and Judge BRIGGS concur.