# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

*Super Mix of Wisconsin, Inc. v. Natural Gas Pipeline Co. of America,*
2020 IL App (2d) 190034

</div>

| | |
|---|---|
| Appellate Court Caption | SUPER MIX OF WISCONSIN, INC., and JACK PEASE, Plaintiffs-Appellants, v. NATURAL GAS PIPELINE COMPANY OF AMERICA, LLC, Defendant-Appellee. |
| District & No. | Second District<br>No. 2-19-0034 |
| Rule 23 order filed<br>Rehearing denied<br>Motion to<br>publish allowed<br>Opinion filed | November 26, 2019<br>January 16, 2020<br><br>January 28, 2020<br>January 28, 2020 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 18-MR-534; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Sandra Kerrick, of The Waggoner Law Firm, P.C., of Crystal Lake, for appellants.<br><br>John M. Spesia, Jacob E. Gancarczyk, and Jonathan W. Powell, of Spesia & Taylor, of Joliet, for appellee. |

JUSTICE BURKE delivered the judgment of the court, with opinion. Presiding Justice Birkett and Justice Schostok concurred in the judgment and opinion.


**OPINION**

¶ 1        Plaintiffs, Super Mix of Wisconsin, Inc. (Super Mix), and Jack Pease, acquired interest in a parcel near Hebron in 2003 and began mining sand and gravel. Plaintiffs acquired the parcel subject to a pipeline easement granted in 1945 to defendant, Natural Gas Pipeline Company of America, LLC. Defendant has operated a pipeline within the boundary of the easement since 1945. In 2015, as plaintiffs' operation proceeded toward the pipeline, plaintiffs asked defendant to reroute it, and defendant refused.

¶ 2        Plaintiffs filed a two-count complaint for (1) a declaratory judgment regarding the parties' rights under the easement and (2) damages for inverse condemnation. The trial court dismissed the complaint with prejudice under section 2-619(a)(5) of the Code of Civil Procedure (Code). 735 ILCS 5/2-619(a)(5) (West 2018). The court held that plaintiffs' claims were time barred, and plaintiffs appeal.

¶ 3        Plaintiffs essentially argue that (1) by operating the pipeline and obstructing plaintiffs' access to the sand and gravel beneath it, defendant is asserting mineral rights that the easement did not convey, (2) enforcement of the easement constitutes an unconstitutional taking of plaintiffs' mineral property, and (3) plaintiffs' cause of action did not accrue until 2015, when they decided to mine the sand and gravel beneath the pipeline, and therefore their claims are not barred by any statute of limitations. We affirm the dismissal on the ground that plaintiffs' claims are time barred.


¶ 4                                I. BACKGROUND

¶ 5        Defendant purchased the pipeline easement on a parcel near Hebron and recorded the easement with the McHenry County Recorder in 1945. The easement permits defendant to "maintain, operate, inspect, alter, repair and remove" a pipeline in a 49.5-foot-wide right-of-way. Since 1945, defendant has operated and maintained a four-inch natural gas pipeline within a ditch measuring 49.5 feet wide. The ditch crosses plaintiffs' property diagonally.

¶ 6        In 2003, plaintiffs acquired the property, subject to the easement. Plaintiffs are in the business of mining sand and gravel, manufacturing concrete from sand and gravel, and developing land to reclaim their mines to viable economic future uses. Plaintiffs started mining at the western edge of the property and progressed toward the east.

¶ 7        In 2015, as the mining operation approached the pipeline, plaintiffs allegedly offered defendant a new easement. Plaintiffs proposed that defendant remove the old pipes and reroute the pipeline along plaintiffs' property boundary, thereby removing the obstruction to the mine. Defendant rejected the proposal.

¶ 8        On July 20, 2018, plaintiffs filed a two-count complaint. Count I sought a declaration of easement rights and damages arising from the "presence" of the pipeline. Section 15 of the easement agreement provides that

"Grantee agrees to pay the Grantor, or his assigns *** all damages to personal or real property, arising directly or indirectly from the laying, maintaining, operation, altering, repairing or removing of said pipeline, or because of its presence, even though said damages may be occasioned by causes over which the Grantee has no control, the act of God and the public enemy excepted."

¶ 9 Specifically, count I alleged that,

"[b]ecause of the presence of the pipeline in a diagonal route through the middle of the property, plaintiffs are suffering large damages for the loss of the mineral deposits and inability to reclaim the mine 'to optimum future productive use' as provided by public policy in the Surface-Mined Land Conservation and Reclamation Act [(225 ILCS 715/2 (West 2018))]."

Plaintiffs claimed damages amounting to the loss of the value of the minerals beneath a 160-foot-wide embankment that they claimed was necessary to support the pipeline.

¶ 10 Plaintiffs claimed that their mineral rights are superior to defendant's easement. Count I asserted that the parties' disagreement over their respective rights under section 15 of the easement agreement created a case or controversy appropriate for declaratory judgment.

¶ 11 Count II, the claim for inverse condemnation, alleged that defendant is a utility regulated by the Illinois Commerce Commission (Commerce Commission) or the United States Federal Energy Regulatory Commission (FERC), with eminent domain authority to condemn rights-of-way for natural-gas-pipeline purposes. Neither the Commerce Commission nor the FERC had authorized defendant to condemn plaintiffs' mineral rights beneath the pipeline and in the 160-foot-wide embankment.

¶ 12 Count II alleged that barring the mining of all the minerals beneath the embankment constitutes a regulatory taking of the mineral rights without just compensation, as prohibited by the fifth and fourteenth amendments to the United States Constitution (U.S. Const., amends. V, XIV) and sections 2, 5, and 15 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 5, 15). Plaintiffs alleged that failure to allow the reclamation to a future productive use caused by the pipeline's presence should be compensated as damages to the remainder. Plaintiffs claimed that, because they cannot mine unless the pipeline is rerouted, defendant had effectively appropriated the minerals.

¶ 13 Count II sought a finding that "[p]laintiffs' inability to mine the minerals beneath the easement and a 160-foot supporting embankment" and "[p]laintiffs' inability to reclaim the gravel mine for a future productive use because of the presence of the pipeline cutting the property in half" amount to an inverse condemnation, constituting a public regulatory taking by defendant. Plaintiffs sought damages based on the proposed finding.

¶ 14 On September 20, 2018, defendant moved to dismiss the complaint with prejudice under section 2-619(a)(5) of the Code, which permits a defendant to raise a statute of limitations as grounds for dismissal. 735 ILCS 5/2-619(a)(5) (West 2018). Defendant argued that count I was barred by the five-year statute of limitations that applies to declaratory relief claims involving personal or real property (735 ILCS 5/13-205 (West 2018)). Defendant alternatively argued that, because count I involved the easement, the claim was barred by the 10-year statute of limitations for actions based on written contracts (735 ILCS 5/13-206 (West 2018)). Defendant argued that count II was barred by the 20-year statute of limitations that applies to claims for inverse condemnation (735 ILCS 5/13-101 (West 2018)).

¶ 15    Plaintiffs responded that neither claim was time-barred because plaintiffs were claiming present damages from the presence of the pipeline, which was denying them access to their gravel mine. Plaintiffs' theory was that their cause of action did not accrue until it became economically viable to extract the materials beneath the pipeline.

¶ 16    The trial court granted defendant's motion and dismissed the complaint with prejudice, commenting as follows:

"This [easement] agreement was an arm's[-]length transaction. Both parties knew exactly what they were doing as near as I can tell. And—But you're now saying a change in circumstances means that you can void the agreement. And there's nothing in the agreement that justifies that, nor do I think—and this is the operative part of my concern—is—nor is there anything that tells me we—we're still within any applicable statute of limitations. I'm unaware of any statute of limitations outside of 73 years.

* * *

I'm going to grant the motion to dismiss as to counts 1 and 2. Count 1 I had some issues with respect to the specific applicable statute of limitations. Counsel correctly notes that the only one before me is the five-year. Even if I accept the 10-year on a written agreement, which arguably might be more appropriate, we're well beyond this because we're at 73 years past the date on which the—the then-owner knew or should have known of the impact of this agreement on his property. And there is no statute of limitations that provides for 73 years for a suit of this sort.

The plaintiffs in this case separately both acquired their interest in the property subject to the knowledge of the existence of this easement. So they came knowing full well that the easement was there and how it would affect their use of the property. That was in 2003. And we have a suit filed in 2018.

So even if I were to accept the argument that the statute of limitations would arise in 2003, we're well beyond an applicable ten-year statute. * * * I'm going to dismiss Count 1 with prejudice.

Count 2 ***, [g]oing back to the 73-year statute or the 73-year passage of time from the date on which I believe that the cause of action would have arisen and the date of filing, I—I'm going to have to dismiss. The cause of action didn't arise when the mining rights became valuable. The cause of action would have arisen back in 1945. And the fact that they subsequently became economically feasible to remove doesn't then create a cause of action.

I haven't seen any case law on that. I think it is important, as counsel noted, that the parties acquired this property with knowledge of the existing easement, and it can't be later heard to complain about the existence of the easement on the property they voluntarily purchased.

So I will dismiss Count 1 and 2 with prejudice."

¶ 17    The court emphasized that plaintiffs still had the right to mine the property and were incorrectly viewing the easement as an "at will" agreement:

"I'm having a horrible time with this argument because your argument means that all easements are at will. And as soon as the owner of arguably the servient estate says I think there's minerals, I think there's something worth mining, then the easement that they've entered into is abrogated.

And [plaintiffs] can mine except they can't interfere with the pipeline."

¶ 18 On December 12, 2018, the trial court entered a brief written order of dismissal "for the reasons stated on the record." Plaintiffs filed a timely notice of appeal on January 10, 2019.

¶ 19 **II. ANALYSIS**

¶ 20 **A. Motion to Strike Plaintiffs' Brief**

¶ 21 Plaintiffs appeal the involuntary dismissal of their two-count complaint with prejudice. However, we must initially address defendant's motion to strike portions of plaintiffs' opening brief for failure to comply with supreme court rules. In its response brief, defendant argues that plaintiffs' noncompliance warrants summary dismissal of the appeal.

¶ 22 First, defendant argues that the brief should be stricken as impermissibly broad. Defendant argues that plaintiffs were required to confine their argument to whether the claims were time-barred, because that was the trial court's grounds for dismissal. Thus, defendant urges us to disregard plaintiffs' arguments regarding the parties' respective rights under the easement and mineral rights law. Defendant also asserts that plaintiffs' arguments require this court to render impermissible advisory opinions because several facts pertaining to the claims remain unsettled.

¶ 23 Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) provides in relevant part that the appellant's "Argument" section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but reference shall be made to the pages of the record on appeal where evidence may be found." Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013).

¶ 24 Plaintiffs parse the dispute into 13 overlapping arguments about the scope of the easement, its effect on their mineral rights, when their claims accrued, and whether any statute of limitations even applies. Plaintiffs' arguments are repetitive and sometimes inartful, but we disagree with defendant that plaintiffs have exceeded the bounds of appropriate argument. The trial court dismissed the complaint pursuant to the relevant statutes of limitations, so to prevail on this point on appeal, plaintiffs must articulate theories of their rights and when their claims accrued. These issues turn on the underlying facts regarding the parties' respective rights under the easement, which plaintiffs address in their brief.

¶ 25 Second, defendant argues that plaintiffs have forfeited their argument under *Badger Pipeline Co. v. Commissioner*, 74 T.C.M. (CCH) 856 (T.C.1997), that pipeline companies, like defendant, should relocate their pipelines to accommodate property owners as a matter of "standard operating procedure." Defendant asserts that plaintiff may not cite *Badger Pipeline Co.* for the first time on appeal. Issues not raised in the trial court generally are forfeited and may not be raised for the first time on appeal. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 121 (2004). To the extent that plaintiffs raise issues about "standard operating procedure" beyond what was presented to the trial court, we disregard them as forfeited.

¶ 26 Third, defendant argues that plaintiffs' "Statement of Facts" violates Illinois Supreme Court Rule 341(h)(6) (eff. Feb. 6, 2013) and Rule 341(h)(7) for failing to cite the record and frequently misstating the record. Rule 341(h)(6) requires the appellant to include a "Statement of Facts" outlining the pertinent facts "accurately and fairly without argument or comment,

and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Feb. 6, 2013). We agree with defendant that plaintiffs have violated this rule by providing inaccurate facts, falsely characterizing the judgment as terminating their mineral rights retroactive to 1945, being argumentative, and citing their appendix, rather than the record, for their factual assertions. Rule 341(h)(7) further requires that the "Argument" section include "citation of the authorities and the pages of the record relied on" (Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013)), but plaintiffs' argument cites the appendix, not the record.

¶ 27    Fourth, defendant argues that plaintiffs' introduction violates Illinois Supreme Court Rule 341(h)(2) (eff. Feb. 6, 2013), because it includes an argumentative "Prologue" and misstates the parties' positions and the trial court's ruling. Rule 341(h)(2) requires "[a]n introductory paragraph stating (i) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (ii) whether any question is raised on the pleadings and, if so, the nature of the question." Ill. S. Ct. R. 341(h)(2) (eff. Feb. 6, 2013). We disregard the objectionable portions of plaintiffs' introduction.

¶ 28    The Illinois Supreme Court Rules are not suggestions; they have the force of law and must be complied with. *People v. Campbell*, 224 Ill. 2d 80, 87 (2006). Where a brief has failed to comply with the rules, we may strike portions of the brief or dismiss the appeal should the circumstances warrant. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 9. We decline to strike any portion of the brief or dismiss the appeal, but we will disregard the noncompliant portions of plaintiffs' brief. We also strongly admonish counsel to follow carefully the requirements of the supreme court rules in future submissions.

¶ 29            B. Declaratory Judgment and Inverse Condemnation

¶ 30    Plaintiffs sought a declaratory judgment regarding the easement rights and sought damages arising from the presence of the pipeline. Section 2-701 of the Code provides that a circuit court may, "in cases of actual controversy, make binding declarations of rights, having the force of final judgments." 735 ILCS 5/2-701 (West 2018). The declaratory judgment statute is liberally construed and should not be restricted by unduly technical interpretations, but its application must still follow the general rule that a court may not pass judgment on mere abstract propositions of law, render advisory opinions, or give legal advice as to future events. *Babbitt Municipalities, Inc. v. Health Care Service Corp.*, 2016 IL App (1st) 152662, ¶ 43. Declaratory relief is proper only if there is an actual legal controversy between the parties in that " 'there is a concrete dispute admitting of an immediate and definite determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof.' " *Babbitt Municipalities*, 2016 IL App (1st) 152662, ¶ 43 (quoting *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977)).

¶ 31    Plaintiffs also sought damages for inverse condemnation based on "[p]laintiffs' inability to mine the minerals beneath the easement and a 160-foot supporting embankment" and "[p]laintiffs' inability to reclaim the gravel mine for a future productive use because of the presence of the pipeline cutting the property in half." The takings clause of the fifth amendment to the United States Constitution, made applicable to the state of Illinois through the fourteenth amendment, and the Illinois Constitution, require just compensation for private property taken by the exercise of eminent domain. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 15; *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536-37 (2005); see also *Canel v. Topinka*, 212 Ill. 2d 311, 331-32 (2004); *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 355 Ill. App. 3d

352, 359 (2005). In a claim for inverse condemnation, as opposed to an eminent domain action, the property owner seeks compensation for a taking of private property where a condemnation proceeding has not been initiated. *City of Chicago v. ProLogis*, 236 Ill. 2d 69, 77 (2010).

¶ 32                                C. Standard of Review

¶ 33    The trial court dismissed the declaratory judgment and inverse condemnation claims pursuant to section 2-619 of the Code, which admits the legal sufficiency of the complaint but raises a defense that allegedly defeats the complaint. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. When we review a motion filed pursuant to section 2-619, we accept all well-pleaded facts as true, as well as all reasonable inferences that arise from them. *Patrick Engineering*, 2012 IL 113148, ¶ 31. However, we will disregard all legal and factual conclusions in the complaint that are not supported by specific factual allegations. *Patrick Engineering*, 2012 IL 113148, ¶ 31. We review *de novo* a circuit court's decision on a motion to dismiss pursuant to section 2-619 of the Code. *Patrick Engineering*, 2012 IL 113148, ¶ 31.

¶ 34    Defendant cites section 2-619(a)(5), which allows involuntary dismissal of an action that was not commenced within the time limited by law. 735 ILCS 5/2-619(a)(5) (West 2018). "The primary purpose of limitation periods is to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 132 (1975). A section 2-619(a)(5) motion requires the *plaintiff* to provide enough facts to avoid the application of the statute of limitations. *Osten v. Northwestern Memorial Hospital*, 2018 IL App (1st) 172072, ¶ 19.

¶ 35                                D. Statutes of Limitations

¶ 36    Plaintiffs' action turns on the date that their claims accrued. The discovery rule provides that a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused. *Clay v. Kuhl*, 189 Ill. 2d 603, 608 (2000). Whether an action was brought within the time allowed by the discovery rule is generally resolved as a question of fact, but the question may be determined as a matter of law when, as in this case, the answer is clear from the pleadings. *Clay*, 189 Ill. 2d at 609-610. When a plaintiff invokes the discovery rule to toll the statute of limitations, the plaintiff has the burden of proving the date of discovery. *Kirby v. Jarrett*, 190 Ill. App. 3d 8, 12 (1989).

¶ 37    Defendant argues, and the trial court held, that plaintiffs' claims accrued in 1945, when the easement was granted, and the pipeline was constructed. The trial court further agreed with defendant that the claims are time-barred because (1) the declaratory judgment claim was not filed within the 5-year or 10-year limitations periods set forth in sections 13-205 and 13-206 of the Code and (2) the inverse condemnation claim was not filed within the 20-year limitations period set forth in section 13-101 of the Code. We agree with defendant and the trial court.

¶ 38                                1. Declaratory Judgment

¶ 39    Plaintiffs' declaratory judgment claim repeatedly and consistently alleges that the presence of defendant's pipeline damaged plaintiffs' property interests. Section 13-205 of the Code provides that "actions *** to recover damages for an injury done to property, real or personal,

or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2018). Section 13-205 bars the declaratory judgment claim to enforce plaintiffs' property rights because neither plaintiffs nor their predecessors in interest filed a claim within five years of defendant constructing the pipeline in 1945.

¶ 40    Alternatively, section 13-206 provides that "actions on *** written contracts *** shall be commenced within 10 years next after the cause of action accrued." 735 ILCS 5/13-206 (West 2018). Even if we consider plaintiffs' declaratory judgment claim to be based on an alleged breach of the 1945 easement, rather than one for damages to real property, the claim is untimely because neither plaintiffs nor their predecessors in interest filed a claim within 10 years of defendant constructing the pipeline in 1945, allegedly in breach of the easement agreement.

¶ 41    On appeal, plaintiffs claim that the presence of the pipeline is causing a present and ongoing injury that violates section 15 of the easement agreement and that, therefore, the discovery rule does not apply. However, any potential cause of action under the easement agreement accrued in 1945 when plaintiffs' predecessors in interest knew or reasonably should have known of the injury to the property and that the injury was caused wrongfully. See *Clay*, 189 Ill. 2d at 608. The easement's limitation on the property occurred in 1945, not when plaintiffs allegedly discerned in 2015 that defendant would not voluntarily relinquish its easement rights upon request. See Robert Kratovil, Real Estate Law § 74 (7th ed. 1979) (Pipeline Easements: "Once an easement has been placed in a location or its location is fixed by the easement grant, its location cannot be changed without the consent of the easement owner.").

¶ 42    Plaintiffs also argue that the easement did not grant defendant title to the surface or the mineral rights and that defendant's present enforcement of its easement rights amounts to an assertion of mineral rights. Plaintiffs rely on *Great Northern Ry. Co. v. United States*, 315 U.S. 262, 270 (1942), where the United States Supreme Court rejected a railroad company's "claimed ownership of the oil and minerals underlying its right of way." This case is distinguishable because there is no evidence that defendant has attempted to extract the minerals beneath the pipeline or assert mineral rights in any way. Moreover, defendant has never asserted a right to operate the pipeline pursuant to adverse possession or by prescription. As the trial court correctly observed, defendant merely has attempted to use the easement to operate the pipeline, as expressly contemplated by the easement.

¶ 43    Plaintiffs also argue that defendant must accommodate the mining operation because "[m]ineral law reverses standard law on which uses are dominant and servient" and that "the mining use is the dominant use, and the pipeline use is the servient use, as a matter of law." Plaintiffs' position is contrary to this court's holding that the user of the right of an easement enjoys what is referred to as a dominant estate over the used land, which is the servient estate. *McMahon v. Hines*, 298 Ill. App. 3d 231, 235-36 (1998). Plaintiffs rely on *Schmidt v. Schmidt*, 284 Ill. App. 623, 635 (1936), in which the court stated that surface rights are servient to mining rights where one party owns the surface, and another party owns the subjacent minerals. Here, plaintiffs own the surface and the mineral rights, subject to defendant's easement, and thus plaintiffs mischaracterize the parties' rights and *Schmidt* is distinguishable.

¶ 44                                    2. Inverse Condemnation

¶ 45        Plaintiffs' inverse condemnation claim was based on the pipeline obstructing plaintiffs'
access to "the minerals beneath the easement and a 160-foot supporting embankment" and
"[p]laintiffs' inability to reclaim the gravel mine for a future productive use because of the
presence of the pipeline cutting the property in half." Section 13-101 of the Code prescribes a
limitations period for the recovery of land, providing in relevant part that

> "[n]o person shall commence an action for the recovery of lands, nor make an entry
> thereon, unless within 20 years after the right to bring such action or make such entry
> first accrued, or within 20 years after he, she or those from, by, or under whom he or
> she claims, have acquired title or possession of the premises." 735 ILCS 5/13-101
> (West 2018).

Plaintiffs' inverse condemnation claim was barred by the 20-year limitations period set forth
in section 13-101 because the claim was not filed within 20 years of defendant's construction
of the pipeline in 1945.

¶ 46        Plaintiffs claim that the 20-year limitations period has yet to commence because they
remain in possession of the mineral estate as a matter of law. However, that position is at odds
with their theory that the pipeline caused a taking of private property. Moreover, as discussed,
any inverse condemnation claim accrued when the owner of the property knew or reasonably
should have known of the injury and that the injury was wrongfully caused. See *Clay*, 189 Ill.
2d at 608. In this the case, the year of accrual was 1945.

¶ 47        Plaintiffs rely on *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922), for the
proposition that defendant's operation of the pipeline constitutes a present unconstitutional
taking of plaintiff's mineral property and that, therefore, the statute of limitations does not bar
their inverse condemnation claim. We disagree. In *Pennsylvania Coal*, the Court interpreted a
deed between the coal company and a landowner and the applicability of a state law prohibiting
mining that would cause surface subsidence, which, if enforced, would have extinguished the
contractual mining rights that the company reserved in the deed. *Pennsylvania Coal*, 260 U.S.
at 412. Under the deed, the company reserved the right to mine the property, and therefore, the
Court held, the subsequent purchaser of the property accepted the risks associated with a
mining operation and could not prevent the mining, even in a way that caused surface
subsidence. *Pennsylvania Coal*, 260 U.S. at 412. The Court also held that the state law could
not extinguish the company's mining rights that were established by the deed. *Pennsylvania
Coal*, 260 U.S. at 416.

¶ 48        The written instruments in *Pennsylvania Coal* and in this case are easily distinguishable.
The deed in *Pennsylvania Coal* expressly reserved for the coal company the right to mine or
otherwise use the property. In this case, the easement agreement contains no provision whereby
the grantors reserved the right to mine, or otherwise use the property, in a manner that is
inconsistent with the safe operation of defendant's pipeline. Specifically, in section 6 of the
easement agreement, the grantors reserved the right to "use the land within the easement strip
in any manner *not inconsistent* with the construction, maintenance, alteration, repair, operation
and removal of [defendant's] pipeline." (Emphasis added.) Plaintiffs implicitly concede that
mining the embankment would be inconsistent with defendant's pipeline.

¶ 49        In sum, the easement was granted to defendant and the pipeline was built in 1945, and
plaintiffs purchased the property in 2003 with notice of the pipeline and the easement
authorizing it. Plaintiffs claim that their causes of action arose in 2015, when defendant denied

their request to reroute the pipeline; however, contract actions and torts arising from contractual relationships accrue at the time of the breach of contract, not when a party sustains damages. *American Family Insurance Co. v. Krop*, 2018 IL 122556, ¶ 17. Despite having notice, neither plaintiffs nor their predecessors in interest sought to enforce their property rights within at least *70 years* of defendant acquiring the easement and constructing the pipeline.

¶ 50    Plaintiffs essentially argue that the owner of the servient estate should be allowed to discard an easement simply when doing so becomes profitable. If we were to adopt plaintiffs' interpretation of the easement, we would render the rights secured by the easement meaningless. Plaintiffs have offered no viable theory as to why the limitations periods in sections 13-205, 13-206, and 13-101 of the Code do not bar the complaint.

¶ 51                           E. Sections 13-118 and 13-120 of the Code

¶ 52    Plaintiffs assert that the 40-year limitations period set forth in section 13-118 of the Code applies. In turn, plaintiffs argue, section 13-120 of the Code "excepts plaintiffs' claims to mineral rights beneath the pipeline from the 5-year, 20-year, and 40-year real estate statutes of limitations" because their claims are for mineral rights. Section 13-118 provides in relevant part as follows:

> "No action based upon any claim arising or existing more than 40 years before the commencement of such action shall be maintained in any court to recover any real estate in this State or to recover or establish any interest therein or claim thereto, against the holder of the record title to such real estate when such holder of the record title and his or her grantors immediate or remote are shown by the record to have held chain of title to such real estate for at least 40 years before the action is commenced ***." 735 ILCS 5/13-118 (West 2018).

¶ 53    Section 13-120 provides that the limitations periods specified in section 13-118 through 13-121 of the Code do not apply to certain claims, including "any separate mineral estate or any rights, immunities, and interests appurtenant or relating thereto." 735 ILCS 5/13-120(4) (West 2018). Contrary to plaintiffs' assertion, section 13-120 does not affect the limitations periods in section 13-205 (5 years), section 13-206 (10 years), or section 13-101 (20 years). Moreover, section 13-120(4) does not govern plaintiffs' claims because the statute is expressly limited to circumstances involving a "*separate* mineral estate or any rights, immunities and interests appurtenant or relating thereto." (Emphasis added.) 735 ILCS 5/13-120(4) (West 2018).

> "It has long been recognized that the mineral estate may be severed from the surface estate by a grant specifically of the minerals, reserving the surface, or by a grant of the surface while reserving the minerals, and when this has been accomplished, both estates are subject to independent ownership ***." *Failoni v. Chicago & N. W. R. Co.*, 30 Ill. 2d 258, 261 (1964).

No such severance of the mineral rights occurred in this case.

¶ 54    Plaintiffs make several additional overlapping, disjointed arguments to avoid the effect of the applicable statutes of limitations. We have considered them all, and none is persuasive.

¶ 55    Finally, we note that the trial court dismissed the complaint with prejudice, foreclosing the opportunity for plaintiffs to amend their complaint. Plaintiffs have not proposed an amendment to the complaint, and, therefore, they have forfeited any claim that the dismissal with prejudice

was error.

¶ 56                                          III. CONCLUSION
¶ 57            For the reasons stated, the order dismissing plaintiffs' complaint with prejudice is affirmed.

¶ 58            Affirmed.